## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ESTATE OF LARRY CARUTHERS,
MARQUELL ATKINSON, ADMINISTRATOR;
MARQUELL ATKINSON, BENEFICIARY OF
THE ESTATE OF LARRY CARUTHERS AND
IN HIS OWN RIGHT; LANAIRA BOWMAN-
CARUTHERS, BENEFICIARY OF THE
ESTATE OF LARRY CARUTHERS AND IN
HER OWN RIGHT

CIVIL DIVISION

Case No. 2:23-cv-88

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendant.

## CIVIL ACTION COMPLAINT

AND NOW come Plaintiffs by their undersigned counsel and respectfully submit:

1.    This is an action arising under the Federal Tort Claims Act, 28 U.S.C.§2671, et seq.  This

Honorable Court is vested with jurisdiction pursuant to 28 U.S.C.§1346(b).

2.    Plaintiff Marquell Atkinson is an adult individual with an address of 960 Pike Run Drive, Coal

Center, PA 15423

3.    Plaintiff Lanaira Bowman-Caruthers is an adult individual with an address of 17800 Goddard

Street, Detroit, MI 48212

4.    Plaintiff Marquell Atkinson is the son and Plaintiff Lanaira Bowman-Caruthers is the

daughter, of Deceased Plaintiff Larry Caruthers.

5.  On or about November 6, 2020, Plaintiff Marquell Atkinson was granted Letters of Administration and was appointed the Administrator of the Estate of Larry Caruthers, in the Court of Common Pleas of Washington County, PA, Orphans Court Division

6.  Defendant United States of America, through its federal agency, The Department of Veterans Affairs, at all relevant times, owned, operated, and managed a hospital and/or medical care facility located at Veterans Affairs Medical Center, 1010 Delafield Road, Pittsburgh, PA 15215.

7.  At all relevant times, Defendant United States of America, through its federal agency, the Department of Veterans Affairs, acted through its employees and/or agents and/or representatives, acting within the course and/or scope of their employment and/or authority, including doctors, nurses, interns, residents, student nurses, nurses' aides, technicians, pharmacists, and other hospital personnel, all employees of Defendant United States of America under 28 U.S.C.§2671 and subjecting Defendant United States of America to liability under 28 U.S.C.§2674.

8.  Plaintiffs, the Estate of Larry Caruthers, Marquell Atkinson, Administrator, bring this action on behalf of the Estate of Larry Caruthers, pursuant to 42 Pa.C.S.A.§8302, *Survival Actions*, and claim all damages thereunder including:

    a.  Pain and suffering from the time of the below-stated conditions and/or symptoms and/or effects and/or complications and/or injuries until the time of the below-stated death;

    b.  Past and/or future loss of benefits and/or income and/or support of Larry Caruthers; and/or

2

    c.     Medical expenses incurred by Larry Caruthers.

9.    Plaintiffs, Marquell Atkinson and Lanaira Bowman-Caruthers, bring this action pursuant to 42 Pa.C.S.A.§8301, *Wrongful Death Actions*, and claim all damages thereunder including:

    a.     Loss of companionship and/or comfort and/or society and/or guidance of Larry Caruthers;

    b.     Past and/or future loss of financial support of Larry Caruthers;

    c.     Medical expenses incurred by Larry Caruthers; and/or

    d.     Funeral expenses of Larry Caruthers.

10.    On or about April 17, 2021, Plaintiffs filed the instant Administrative Tort Claim with the Department of Veterans Affairs.  On or about July 26, 2022, the Department of Veterans Affairs denied Plaintiffs' claim.  Plaintiffs bring this action pursuant to 28 U.S.C.§2675.

11.    On or about July 2016, Deceased Plaintiff (age 56 at the time) came under the care and/or supervision, and remained under the care and/or supervision until his below-stated passing, of Defendant at its above-stated hospital and/or medical care facility.

12.    As Deceased Plaintiff remained under the care and/or supervision of Defendant, Deceased Plaintiff experienced and/or suffered the following:

    a.     Hemiparesis;

    b.     Neurogenic bladder;

    c.     Hypernatremia;

    d.     Urosepsis/septic shock;

    e.     Nutrient deficits;

    f.     Oral secretions;

g.   Tachycardia;

h.   Aspiration pneumonia;

i.   Osteomyelitis;

j.   Retrocardiac opacification;

k.   Hematochezia;

l.   Rectal ulcers;

m   Bradycardia;

n.   Bowel obstruction;

o.   Proteus bacteremia;

p.   Pressure ulcers;

q.   Cholecystitis;

r.   Kidney disease; and

s.   Colitis.

13.   As Deceased Plaintiff remained under the care and/or supervision of Defendant, Deceased
Plaintiff experienced and/or suffered the following symptoms and/or effects of the conditions
identified in ¶#12:

a.   Continuous mucous secretions;

b.   Nausea/vomiting;

c.   Chronic infections;

d.   Chronic fevers;

e.   Lethargy;

f.   Weight loss;

4

     g.     Anemia;

     h.     Chronic coughing; and

     i.     Internal bleeding.

14.    On or about December 30, 2019, Deceased Plaintiff passed away while under the care and/or supervision of Defendant, at its above-stated hospital and/or medical care facility.

15.    Defendant indicated that Deceased Plaintiff passed away as a result of a stroke, with a secondary diagnosis of pressure ulcers.

16.    It is believed and therefore averred that Deceased Plaintiff passed away as a result of the conditions and/or symptoms and/or effects (individually and/or in combination) identified in ¶s #12 and 13, resulting in Deceased Plaintiff suffering a fatal stroke and/or other major organ failure.

17.    It is believed and therefore averred that Deceased Plaintiff experienced and/or suffered the conditions identified in ¶#12 (and their resulting symptoms and/or effects identified in ¶#13) and the resulting fatal stroke and/or other major organ failure, and the resulting damages pursuant to 42 Pa.C.S.A.§8302, *Survival Actions*, and 42 Pa.C.S.A.§8301, *Wrongful Death Actions*, as a result of Defendant being grossly negligent and/or reckless and/or negligent and/or careless and/or failing to adhere to acceptable standards in its care and/or supervision and/or treatment of Deceased Plaintiff in the below-stated respects:

     a.     Failing to ensure that Deceased Plaintiff was properly hydrated;

     b.     Failing to ensure that Deceased Plaintiff received the proper level of nutrients and/or food sustenance;

c.   Failing to ensure that Deceased Plaintiff did not suffer from periods of bowel obstruction;

d.   Failing to ensure that Deceased Plaintiff received proper medication and/or antibiotics to prevent and/or treat infections in the lungs and/or intestinal and/or urinary tracts;

e.   Failing to ensure that Deceased Plaintiff received proper laparoscopic intervention;

f.   Failing to ensure that food and/or liquids were not breathed into Deceased Plaintiffs' airways and/or lungs, instead of being swallowed;

g.   Failing to place Deceased Plaintiff on breathing medicines and/or ventilators for proper periods of time;

h.   Failing to properly administer dialysis;

i.   Failing to ensure that Deceased Plaintiff received proper medication and/or anti-coagulants to prevent blood clots;

j.   Failing to prevent Deceased Plaintiff from suffering from high levels of sodium in his blood;

k.   Failing to ensure that Deceased Plaintiff received proper medication and/or vasopressor and/or norepinephrine to prevent and/or treat infections in the lungs and/or intestinal and/or urinary tracts;

l.    Failing to ensure that Deceased Plaintiff received proper medication and/or fluid resuscitation and/or crystalloid to prevent and/or treat infections in the lungs and/or intestinal and/or urinary tracts;

m.   Failing to ensure that Deceased Plaintiff received proper hemodynamic and/or pulmonary stabilization;

6

n.      Failing to properly respond and/or treat the extent and/or severity of Deceased Plaintiff's conditions and/or symptoms and/or effects as identified in ¶s 12 and 13;

o.      After performing some for of evalutaions and/or tests on Deceased Plaintiff, failing to recognize and/or diagnose the extent and/or severity of Deceased Plaintiff's conditions and/or symptoms and/or effects as identified in ¶s 12 and 13;

p.      Failing to properly treat Deceased Plaintiff's conditions and/or symptoms and/or effects as identified in ¶s 12 and 13;

q.      Failing to properly move and/or shift and/or evaluate Deceased Plaintiff;

r.      Allowing Deceased Plaintiff to remain bedridden and/or immobile for unreasonably long periods of time; and/or

s.      Failing to install proper padding and/or other equipment in and/or on Deceased Plaintiff's bed.

WHEREFORE Plaintiffs respectfully request judgment against Defendant for compensatory damages, punitive damages, attorneys fees, court costs, and any other damages allowed by law and any other relief that this Honorable Court deems just and proper.

Respectfully submitted,

/s/ Andrew O. Stiffler, Esquire
PA ID #317183
1002 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 804-1583
Fax (412) 288-8943
andrew@mielnickistiffler.com
Attorney for Plaintiffs

/s/ Michael P. Petro, Esquire
PA ID #76688
1002 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 977-8141
Fax (412) 521-8889
attymichaelpetro@gmail.com
Attorney for Plaintiffs

## VERIFICATION

The undersigned, _____Michael To Petro, Esquire_____ avers that the

statements of fact contained in the attached Civil Action Complaint are true and correct to the best of

my information, knowledge and belief and are made subject to the penalties of 18 Pa.C.S.A. § 4904

relating to unsworn falsification to authorities.



_____1/17/23_____
Date